UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00462-JRS-MJD |
| | ) | |
| CHRISTOPHER NICHOLSON,[1] | ) | |
| COBB, | ) | |
| DALTON RHINEHART, | ) | |
| IVY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[1] The plaintiff's spelling of defendant Nicholson's name varies throughout his complaint, but the correct spelling is likely "Nicholson." The **clerk is directed** to update the docket to reflect that the defendant's name is "Christopher Nicholson."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names four defendants: 1) Christopher Nicholson; 2) Sgt. Cobb; 3) Correctional Officer Dalton Rinehart; and 4) Correctional Officer Ivy. The plaintiff alleges that on August 2, 2019, he was refused recreation time and a shower by Officer Rhinehart. Later that same day, he felt an abnormal sharp tingle in his throat while eating from a kosher tray that had been delivered to him while he was meeting with his attorney. He checked his food tray and discovered pieces of razor in his food. He yelled for help but it took nearly two hours for staff to respond. He showed Sgt. Cobb and Officers Rhinehart and Ivy the tray. Sgt. Cobb sprayed the plaintiff with OC spray without prior warning and removed him from his cell. The plaintiff threw up blood later that day.

The plaintiff claims that these events all occurred in retaliation for the plaintiff's prior alleged assault on Officer Rhinehart. Lt. Nicholson knew of the situation between the plaintiff and Officer Rhinehart, yet Lt. Nicholson allowed Officer Rhinehart to continue to work around the plaintiff and serve the plaintiff his food trays. He also alleges that Lt. Nicholson was deliberately indifferent to his serious medical condition when he waited five days to take him to medical for an x-ray even though Lt. Nicholson knew that the plaintiff had ingested a piece of razor. He seeks compensatory and punitive damages.

# III.
# Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims of retaliation are **dismissed** for failure to state a claim because the plaintiff does not allege that the retaliatory acts were motivated by the plaintiff's First Amendment activity. To state a First Amendment retaliation claim, the plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Here, the plaintiff alleges that the officers retaliated against him because he had been accused of battering one of them. This is not protected First Amendment activity.

Second, all claims against Officers Rhinehart and Ivy are **dismissed** for failure to state a claim. The plaintiff alleges that he showed Officers Rhinehart and Ivy his food tray, but he does not allege that they used excessive force against him or that they failed to protect him from Sgt. Cobb's use of OC spray. He alleges that Sgt. Cobb sprayed him without warning so Officers Rhinehart and Ivy would not have had an opportunity to protect the plaintiff from the spray before Sgt. Cobb deployed it. Furthermore, the plaintiff was not at his cell when his food was delivered, and he does not allege that either officer delivered the food tray or placed razors in it.

In addition, the plaintiff's allegations that Officer Rhinehart denied him recreation time and a shower on August 2, 2019, are insufficient to state a claim because one day without a shower or recreation time does not rise to the level of a constitutional violation. To state an Eighth

Amendment claim based on the conditions of confinement, a plaintiff must allege that he was denied "the minimal civilized measure of life's necessities." *Gruenberg v. Gempeler*, 697 F.3d 573, 579 (7th Cir. 2012) (internal quotation omitted). Without evidence of harm, the denial of one shower and one day of recreation does not amount to cruel and unusual punishment.

The claims which shall proceed are the following:

- An Eighth Amendment excessive force claim against Sgt. Cobb, and
- Eighth Amendment failure to protect and deliberate indifference claims against Lt. Nicholson.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 11, 2019,** in which to identify those claims or to file an amended complaint which will completely replace his original complaint.

### IV.
### Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Cobb and Nicholson in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to serve the defendants electronically.

Because all claims against them have been dismissed, the **clerk is directed** to terminate Officers Rhinehart and Ivy as defendants on the docket.

**IT IS SO ORDERED.**

Date: 11/18/2019

_James R. Sweeney II_
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT COLEMAN
179553
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to:

Sgt. Cobb
Lt. Christopher Nicholson
   (Both employed at Wabash Valley Correctional Facility)